IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH HOLY | ) | |
| 1909 Perth Road | ) | CASE NO.: |
| Madison, Ohio 44057 | ) | |
|                 Plaintiff, | ) | JUDGE: |
|     v. | ) | |
| | ) | COMPLAINT FOR VIOLATIONS OF |
| MADISON VILLAGE MANOR, INC. | ) | THE FAIR LABOR STANDARDS ACT |
| d.b.a as The Gables, ICF | ) | AND THE OHIO MINIMUM FAIR |
| 731 N. Lake Street | ) | WAGE STANDARDS ACT |
| Madison, Ohio 44057 | ) | |
| | ) | |
| **Serve also:** | ) | (Jury Demand Endorsed Herein) |
|   Lisa M. Griesmer, Statutory Agent | ) | |
|   12125 Summerwood Drive | ) | |
|   Concord Township, Ohio 44077 | ) | |
| | ) | |
|   -and- | ) | |
| | ) | |
| ALLISON GRIESMER | ) | |
| 12125 Summerwood Drive | ) | |
| Concord Township, Ohio 44077 | ) | |
| | ) | |
|   -and- | ) | |
| | ) | |
| LISA GRIESMER | ) | |
| 12125 Summerwood Drive | ) | |
| Concord Township, Ohio 44077 | ) | |
| | ) | |
| | ) | |
|                 Defendants. | ) | |
| | ) | |

Plaintiff, Joseph Holy, by and through undersigned counsel, as his Complaint against Defendants, states and avers the following:

## **PARTIES**

1. Holy is an individual residing in Lake County, Ohio.

1

2. Madison Village Manner, Inc. ("Madison Village") is a for-profit corporation organized under the laws of the State of Ohio whose principal place of business is located at 731 N. Lake Street Madison, Ohio 44057.

3. Upon information and belief, Madison Village conducts business as "The Gables."

4. Allison Griesmer is an individual believed to be residing in Lake County, Ohio.

5. At all times referenced herein, Allison Griesmer supervised and/or controlled employment of Holy with Madison Village and acted directly or indirectly in the interest of Madison Village in relation to its employees, including its day to day operations and respective compensation practices; therefore, Griesmer is an employer within the meaning of Article II, Section 34a of the Ohio Constitution and the Fair Labor Standards Act ("FLSA"), 29 § U.S.C. 203(d).

6. Lisa Griesmer is an individual believed to be residing in Lake County, Ohio.

7. At all times referenced herein, Lisa Griesmer supervised and/or controlled employment of Holy with Madison Village and acted directly or indirectly in the interest of Madison Village in relation to its employees as its owner, including controlling Madison Village's day to day operations and respective compensation practices; therefore, Lisa Griesmer is an employer within the meaning of Article II, Section 34a of the Ohio Constitution and the Fair Labor Standards Act ("FLSA"), 29 § U.S.C. 203(d).

## PERSONAL JURISDICTION

8. Defendants hire citizens of the state of Ohio, contracts with companies in Ohio, and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Defendants comports with due process.

9. Holy performed work in this judicial district, was paid unlawfully by Defendants pursuant to work performed in this district and/or was hired out of this district.

10. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

## SUBJECT MATTER JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

12. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Holy's state law claims under the Ohio Minimum Fair Wages Standards Act ("OMFWSA"), the Ohio Prompt Pay Act, Ohio R.C. § 4113.15, and the Ohio Constitution because those claims derive from a common nucleus of operative facts.

13. Venue is proper in this District because Defendants do a sizeable portion of their business in this District, and all of the wrongs herein alleged occurred in this District.

## COVERAGE

14. At all times referenced herein, Madison Village formed a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

15. Additionally, Madison Village is "named enterprise" under the Fair Labor Standards Act, ("FLSA") in that it is an institution "primarily engaged in the care of the sick, the aged, or the mentally ill" within the meaning of Section 3(s)(1)(B) of the act.

3

16. At all times material to the Complaint, Holy directly participated in the actual movement of things in interstate commerce by regularly using instrumentalities of interstate commerce in their work, namely by ordering equipment, material, and supplies for Madison Village's use.

17. At all material times, Defendants were employers within the meaning of the FLSA and the OMFWSA.

## FACTS

18. Madison Village operate a nursing home located in Madison, Ohio.

19. Holy is a former employee of Madison Village.

20. Holy was first hired by Madison Village as a Maintenance Person in or around 2013.

21. At all times referenced herein, Holy was paid hourly and was non-exempt under the FLSA and the OMWFSA.

22. During Holy's employment, he was responsible for ensuring that a third-party snow plowing service was paid.

23. From time to time, Holy would pay the snow plow service out of his own money, and Madison Village would then promptly reimburse him.

24. Holy only incurred the cost of snow plowing because Madison Village had promised to reimburse him for such costs.

25. In or around late 2017, the owner of Madison Village passed away, and his family (Lisa Griesmer and Allison Griesmer) took over running the business.

26. During the winter of 2017, going into 2018, Holy paid for snow plowing services as he had in the past and sought reimbursement from Madison Village.

27. The snow plowing charges Holy incurred totaled approximately $600.00

28. Holy sought reimbursement for the snow plowing he paid for during a meeting with Lisa Griesmer and Allison Griesmer.

29. Lisa Griesmer and Allison Griesmer refused to reimburse Holy for the snow plowing charges he had incurred.

30. Lisa Griesmer took Holy's receipts, crinkled them up in her hands, and threw them back at Holy, telling him he could "shove them up your ass."

31. Defendants failure to reimburse Holy for the snow plowing he paid for amounts to an unlawful "kickback" under the FLSA and the OMFWSA. *See* 29 CFR § 531.35.

32. As a result of Defendants' unlawful FLSA kickback, Holy's regular rate of pay dropped below the statutory minimum during those weeks in which he paid for snow plowing services.

33. Holy resigned his employment with Defendants on or about February 15, 2018.

34. On or about February 19, 2018, Holy contacted Allison Griesmer about when he could expect his final paycheck.

35. Allison Griesmer responded to Holy on February 20, 2018 by refusing to pay Holy unless he provided a written resignation and returned "maintenance binders," via the below text message:



36. Holy did not "remove" the "maintenance binders" as suggested in Allison Griesmer's text message. Thus, it was impossible for him to comply with her request.

37. Even if Holy had the "maintenance binders," Defendants' insistence that he return such items or not be paid his earned wages violated the FLSA and the OMFWSA.

38. It also violated the FLSA and the OMFWSA for Defendants to refuse to pay Holy his earned wages unless he submitted a written resignation letter.

39. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

40. Defendants' conduct as alleged herein is so egregious that Defendants cannot establish that they had a good faith belief that their conduct reasonably complied with the FLSA.

### COUNT I: FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA (29 U.S.C. § 206).

41. Holy restates each and every prior paragraph of this Complaint, as if it were fully restated herein and further alleges as follows:

42. Section 6 of the FLSA, 29 U.S.C. § 206, establishes the right to be paid minimum wages. Section 16(b) of the FLSA, 29 U.S.C. § 216(b), entitles an employee to recover all unpaid wages, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs.

43. At all times relevant to this action, Defendants willfully failed and refused to pay Holy the federal minimum wages required by the FLSA, causing Holy to suffer damage in amounts to be proven at trial.

44. Defendants either recklessly failed to investigate whether their failure to pay Holy at least a minimum wage for all of the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Holy to believe that Defendants were not required to pay him at least a minimum wage, and/or Defendants concocted a scheme pursuant to which they deprived Holy the minimum wage pay he earned.

45. At all times relevant to this Complaint, the Defendants were, have been, and continue to be "employers" within the meaning of the FLSA 29 U.S.C. § 203(d).

46. Defendants have failed to make, keep, and preserve records with respect to Holy, sufficient to determine the wages and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a).

47. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

48. Defendants violated the FLSA without a good faith belief that their conduct was lawful.

49. Holy requests recovery of attorney's fees and costs associated with this cause as provided by 29 U.S.C. § 216(b).

**COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.01, *et seq*, BASED ON FAILURE TO PAY MINIMUM WAGE.**

50. Holy incorporates by reference the allegations in the preceding paragraphs.

51. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the OMFWSA.

52. At all relevant times, Defendants have employed and continue to employ, "employees," within the meaning the OMFWSA.

53. Holy was an employee of Defendants as that term is defined by the OMFWSA.

54. In 2017, the OMFWSA required employers to pay a minimum wage of at least $8.15 per hour to all non-exempt employees.

55. Holy's regular rate of pay fell below $8.15 per hour in 2017 when he incurred the cost of snow plowing on behalf of Defendants.

56. Holy made Defendants aware that he had incurred the cost of snow plowing and sought reimbursement of said costs.

57. In denying compensation at the requisite Ohio minimum wage rate, Defendants violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

58. Defendants have failed to make, keep, and preserve records with respect to Holy, sufficient to determine the wages and other conditions and practices of employment in violation of the OMFWSA, R.C. § 4111.08, *et seq*.

59. As a direct and proximate result of Defendant's unlawful conduct, Holy has suffered and will continue to suffer a loss of income and other damages.

60. Having violated the OMFWSA, Defendants are joint and severally liable to Holy pursuant to O.R.C. § 4111.10 for the full amount of his unpaid wages and for costs and reasonable attorneys' fees. Additionally, Defendants are joint and severally liable to Holy for an amount equal to twice his unpaid wages. O.R.C. § 4111.14(J).

### COUNT III: FAILURE TO PAY WAGES IN VIOLATION OF R.C. § 4113.15 (OHIO PROMPT PAYMENT ACT)
### (Asserted Against Madison Village Only)

61. Holy incorporates by reference the allegations in the preceding paragraphs.

62. During all times material to this complaint, Madison Village covered by the Ohio Prompt Payment Act, R.C. § 4113.15 ("OPPA") and Holy was employed by Madison Village within the meaning of OPPA.

63. The OPPA requires that Madison Village pay Holy all wages, including unpaid minimum wages, on or before the first day of each month, for wages earned by Holy during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of the month, for wages earned by Holy during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

64. At the conclusion of his respective term of employment with Madison Village, Holy was not paid wages, to include the minimum wage, within 30 days of performing the work, after he requested said payment. *See* O.R.C.§ 4113.15(B).

65. Holy's unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

66. In violating the OPPA, Madison Village acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

### COUNT IV: PROMISSORY ESTOPPEL

67. Holy incorporates by reference the allegations in the preceding paragraphs.

68. Madison Village made promises to Holy to reimburse him for snow plowing cost when Holy paid such costs on behalf of Madison Village out of his own funds.

69. Madison Village promised to pay Holy $10.25 per hour for his work.

70. Madison Village made these promises with the reasonable expectation that their promises would induce action by Holy; namely, that Holy would continue to be employed and work for Madison Village and would pay for snow plowing service from time to time as needed.

71. Holy, to his detriment, actually and justifiably relied on Madison Village's promises.

72. An injustice to Holy may only be avoided through the enforcement of Madison Village's promises.

### COUNT V: UNJUST ENRICHMENT

73. Holy incorporates by reference the allegations in the preceding paragraphs.

74. Holy provided labor and services for Madison Village, and it received and accepted the benefits of the labor and services supplied by Holy.

75. Holy expected to be paid a reasonable value for the labor and services he provided to and that he expended on behalf of Madison Village.

76. Madison Village acknowledged, accepted, and benefited from the value provided by Holy.

77. Madison Village promised to pay Holy $10.25 per hour for his work.

78. Defendants paid Holy less than $10.25 per hour when they took an unlawful kickback from Holy's wages by refusing to reimburse Holy for the cost of plowing services he had paid for out of his own money on behalf of Madison Village.

79. Defendants paid Holy $0.00 per hour for his last weeks of work when they unlawfully held his pay.

80. Madison Village has been unjustly enriched in that it has failed and refused to make payment to Holy for all compensable hours of work he provided to Madison Village at a rate of $10.25 per hour, and from which Madison Village benefitted.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Joseph Holy requests judgment against all Defendants and for an Order:

a. Awarding Plaintiff unpaid minimum wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b. Awarding damages, including actual, general, special, incidental, statutory, punitive, treble, liquidated, and consequential to Plaintiff in an amount to be determined at trial;

c. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq;

d. Issuing an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

e. Awarding pre-judgment and post-judgment interest as provided by law;

f. Awarding reasonable attorneys' fees and costs; and

g. Awarding such other and further relief that this Court deems appropriate.

Respectfully submitted,

*/s/ Tina M. Scibona*
Tina M. Scibona (0092008)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email: tina.scibona@spitzlawfirm.com

*Attorney for Plaintiff Joseph Holy*

## JURY DEMAND

Plaintiff Joseph Holy demands a trial by jury by the maximum number of jurors permitted.


*/s/ Tina M. Scibona*
Tina M. Scibona (0092008)
**THE SPITZ LAW FIRM, LLC**